## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENDELL K. BROWN, | : | CIVIL NO.  3:CV-09-2131 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **LYCOMING COUNTY PRISON** | : | |
| **BOARD, et al.,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Plaintiff Wendell K. Brown ("plaintiff"), formerly a Pennsylvania state inmate housed at the Lycoming County Prison ("LCP"), commenced this civil rights action on November 2, 2009. (Doc. 1.)  The matter is presently proceeding *via* an amended complaint (Doc. 34). Named as are the Prison Board of Lycoming County, Kevin Deparlos, Steve Blank, and Kimberly Poorman.  Before the court is a motion for summary judgment pursuant to Federal Rules of Civil Procedure 56, filed on behalf of all defendants.  (Doc. 40.)  For the reasons set forth below, the motion will be deemed unopposed and granted.

### I.      **Procedural Background**

Plaintiff alleges in his amended complaint that he was placed in disciplinary lock-up on July 25, 2009.  (Doc. 34, at 2.)  Thereafter, defendant Poorman informed the guard on night duty that plaintiff was not to be awakened for distribution of  prescribed medication for pain and muscle spasms.  (Id. at 4.)  Because he did not receive his medication, he would awake with pain and muscle spasms that would 'go untreated until the next medication pass." (Id.)  He alleges that the denial of medication was due to the policies of the prison board,

Deparlos, Poorman, and Blank. He further alleges that defendants refused to respond to his grievances or request slips on the issue for more than two years. (Id. at 5.)

He also alleges that the prison board, Deparlos, and Blank created a disciplinary policy that denied hi misconduct hearings and that he was placed in disciplinary lock-up without a hearing until his maximum sentence date in March 2010. (Id.)

On February 18, 2011, defendants filed a motion for summary judgment (Doc. 40) on all claims. The motion was accompanied by supporting documentation, a statement of material facts not in dispute, and a brief in support of the motion. (Docs. 40-42.) Plaintiff failed to file a brief in opposition to the motion, see L.R. 7.6 ("Any party opposing any motion shall file a brief in opposition . . . [or] shall be deemed not to oppose such motion"), as well as a statement of material facts in accordance with L.R. 56.1. He was ordered to file a brief in accordance with L.R. 7.6 and a statement of material facts in accordance with L.R. 56.1 on or before April 20, 2011, and was cautioned that his failure to comply with the order may result in deeming the motion unopposed or dismissal of this case for failure to prosecute. (Doc. 43 citing FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (interpreting Federal Rule of Civil Procedure 41(b) as permitting *sua sponte* dismissals by the court); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984)). He failed to do so. Consequently, the motion is deemed unopposed.

## II.   Summary Judgment Standard of Review

Under Rule 56 of the Federal Rules of Civil Procedure, the movant is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).[1]  In pertinent part, parties moving for, or opposing, summary judgment must support their position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1)(A).  "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Colwell v. Rite-Aid Corp., 602 F.3d 495, 501 (3d Cir. 2010) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).

Plaintiff failed to oppose defendants' motion for summary judgment, and therefore, the motion is deemed unopposed.  Moreover, because plaintiff has failed to file a separate

---

[1]Rule 56 was revised by amendment effective December 1, 2010.  The revisions are "to improve the procedures for presenting and deciding summary-judgment motions and to make the procedures more consistent with those already used in many courts." Rule 56 advisory committee notes. "The standard for granting summary judgment remains unchanged," and "[t]he amendments will not affect continuing development of the decisional law construing and applying these phrases." Id.  The post-2010 Amendment Rule 56 provisions will be applied in the matter *sub judice*, as the Supreme Court has directed that the 2010 Amendments are to be retroactively applied. See Order of the Supreme Court of the United States accompanying Letters from Chief Justice John G. Roberts, Jr., to Speaker of the House Nancy Pelosi and President of the Senate Joseph R. Biden, Jr. (Apr. 28, 2010).

statement of material facts controverting the statement filed by defendants, all material facts set forth in defendants' statement of material facts (Doc. 41) will be deemed admitted. See M.D. Pa. LR 56. 1.[2] Even though the motion is unopposed, the Court still must determine whether defendants are entitled to summary judgment as a matter of law. See Lorenzo v. Griffith, 12 F.3d 23, 38 (3d Cir.1993); Anchorage Associates v. Virgin Islands Board of Tax Review, 922 F.2d 168, 174-75 (3d Cir.1990).

## III.   Undisputed Facts

Defendants' Statement of Material Facts (Doc. 41) and supporting materials[3] establish the following undisputed facts:

The Lycoming County Prison issues and provides an Inmate Handbook which is distributed to all inmates upon commitment to the Lycoming County Prison. (Doc. 41, ¶ 25.) The handbook sets forth the procedure available to inmates if they have a problem that cannot be resolved by a corrections officer. (Id. at ¶ 26.) As part of the grievance procedure, inmates are required to provide a formal grievance *via* a Request Slip addressed to the shift Lieutenant or Sergeant. (Id. at ¶¶ 27-28.) Upon receipt of a grievance, the shift Lieutenant or

---

[2]LR 56.1 provides, in relevant part, as follows: "All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."

[3]In support of the motion, defendants submitted the affidavits of defendant Poorman (Docs. 40-3) and Deparlos (Doc. 40-7), medical records (Doc. 40-4 thru 40-6), records from various misconduct proceedings (Docs. 40-11 thru 40-12), a copy of the inmate handbook (Doc. 40-13), and a January 25, 2010 denial of an administrative appeal (Doc. 40-14.)

Sergeant is required to review the inmate's complaint and to take action if the complaint has merit. (Id. at ¶ 29.) If the inmate is dissatisfied with the decision of the shift Lieutenant or Sergeant, the inmate may then file a written complaint *via* a Request Slip to the Deputy Warden or Warden. (Id. at ¶ 30.) If the inmate is not satisfied with the decision of the Warden or Deputy Warden, he is required to file a written complaint to the Lycoming County Prison Board. (Id. at ¶ 31.)

Plaintiff submitted only one grievance to the Lycoming County Prison Board dated December 10, 2009, which addressed his concerns over discontinuation of medication. (Id. at ¶ 32.) The Lycoming County Prison Board responded to Plaintiff's sole grievance on January 25, 2010. (Id. at ¶ 33. Brown did not submit a grievance to the Lycoming County Prison Board relevant to any of the allegations raised in the instant lawsuit. (Id. at ¶ 34.)

## IV.   **Discussion**

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d

5

1199, 1204 (3d Cir. 1996).  To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

However, under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions.  See 42 U.S.C. § 1997e(a); Booth v. Churner, 206 F.3d 289, 291(3d Cir.2000).  It has been made clear that the exhaustion requirement is mandatory.  See Williams v. Beard, 482 F.3d 637, 639 (3d Cir.2007); see also Booth, 532 U.S. at 741 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures"); Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000) (same).  This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

According to the record before the court, the only grievance filed by plaintiff involved the discontinuation of his medication, an issue which is not before this court. (Doc. 40-14.) The party adverse to summary judgment must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion and cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions.  Williams v. Borough of

W. Chester, 891 F.2d 458, 460 (3d Cir. 1989).  Plaintiff has failed to controvert defendants'

position that he failed to exhaust his administrative remedies.  Consequently, defendants are

entitled to an entry of summary judgment.

       An appropriate order follows.


                                 **BY THE COURT:**


                                 **s/James M. Munley**
                                 **JUDGE JAMES M. MUNLEY**
                                 **United States District Court**


Dated: August 23, 2011

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENDELL K. BROWN, | : | CIVIL NO.  3:CV-09-2131 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| LYCOMING COUNTY PRISON | : | |
| BOARD, et al., | : | |
| Defendants | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### ORDER

**AND NOW**, to wit, this 23rd day of August 2011, upon consideration of defendants'

motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (Doc. 40), and

in accordance with the foregoing memorandum, it is hereby ORDERED that:

1.    Defendants' motion for summary judgment (Doc. 40) is DEEMED unopposed and GRANTED.

2.    The Clerk of Court is directed to ENTER judgment in favor of defendants and against plaintiff.

3.    The Clerk of Court is further directed to CLOSE this case.

4.    Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court